MITCHELL ET AL., APPELLANTS, *v.* BANKING CORPORATION OF MONTANA ET AL., DEFENDANTS; HORSKY, ADMINISTRATRIX, RESPONDENT.

(No. 7,085.)

(Submitted June 28, 1933. Decided July 8, 1933.)

[23 Pac. (2d) 978.]

*Mr. C. E. Pew,* for Appellants, submitted a brief and argued the cause orally.

*Mr. Edward Horsky,* for Respondent, submitted a brief and argued the cause orally.

MR. CHIEF JUSTICE CALLAWAY delivered the opinion of the court.

This is an appeal by the plaintiffs from that part of the decree in this cause which dismissed the action as to the defendant Rudolph Horsky. After the appeal was taken, Dr. Horsky died, and Annie E. Horsky, administratrix of his estate with the will annexed, was substituted in his stead.

The plaintiffs, in behalf of themselves and all other creditors similarly situated, brought this action to recover from the stockholders of the Banking Corporation of Montana, of whom Dr. Horsky was one, the amount of their liability as stockholders.

Prior to the Christmas holidays of 1921, Dr. Horsky was ▮ the owner of eight certificates, representing 105 shares of the corporation. During that holiday period, and between the twenty-fifth and thirty-first days of December, he "indorsed in blank, and assigned, transferred and physically delivered" the eight certificates to Brooke R. Horsky, his son, as a gift, "without notice or knowledge of the insolvency of the corporation." Before December 31 Brooke R. Horsky in the presence of his father delivered the certificates to the president of the corporation, and requested that officer to transfer the stock upon the books and to issue a new certificate therefor. "It was the usual course of business for the corporation to accept surrendered certificates and later to issue new certificates in lieu thereof." On June 16, 1922, the corporation issued to Brooke R. Horsky one certificate for $52\frac{1}{2}$ shares, which represented the 105 shares which he had received from his father; until then the stock stood in the name of Dr. Horsky on the books of the corporation. In the meantime, and on February 28, 1922, a resolution was passed at a special meeting of the stockholders, called for that purpose, by which the stockholders sought to reduce the capital stock of the corporation from $500,000 to $250,000. It was upon the theory that the capital stock had been reduced one-half that the corporation issued a certificate certifying that Brooke R. Horsky was the owner of $52\frac{1}{2}$ instead of 105 shares. Upon the records of the corporation Dr. Horsky appears as having voted by proxy at the meeting held February 28, 1922, as well as at a meeting held January 14, 1922, which also had reference to the reduction of the capital stock. The court found, however, that "he was not present in person and had no knowledge of the fact that he was so recorded as a stockholder or gave a proxy for said meetings." Counsel for plaintiffs does not con-

tend that there was not sufficient evidence to sustain the court's findings, which are referred to in this statement of facts. The court found that Dr. Horsky was not the owner of the shares from and after December 31, 1921, but that Brooke R. Horsky was. It appears that there was upon the back of each of the surrendered certificates a printed form of transfer and assignment, together with a power of attorney sufficient to effect a transfer of the stock.

Pursuant to the decision of this court in *Mitchell* v. *Banking Corporation,* 83 Mont. 581, 273 Pac. 1055, the attempted reduction of the capital stock was held invalid, and thus the liability of the stockholders was determined to be $500,000 instead of $250,000. Upon the theory that Dr. Horsky was the owner of record of 105 shares of stock on February 28, 1922, and but 52½ shares were issued to Brooke R. Horsky on June 16, 1922, plaintiffs sought to hold Dr. Horsky to the liability represented by the other 52½ shares. Plaintiffs' position is thus stated in their brief: "To the extent of the stock actually issued to Brooke Horsky we concede that the liability upon that stock passed with the transfer. But Rudolph Horsky, if he did intend to convey all his stock to Brooke Horsky at Christmas time in 1921, was required to have that transfer effected in accordance with the statute and the by-law and failing to do so took the hazard of the invalidity of the reduction of stock when he allowed the transfer of only 52½ shares." In support of this argument our attention is called to section 6047, Revised Codes of 1921, now section 33 of Chapter 89 of the Laws of 1927, which provides that "every bank shall keep in its offices, in a place accessible to the stockholders, depositors, and creditors thereof, and for their use, a book containing a list of stockholders in such corporation, and the number of shares of stock held by each," and to paragraph 27 of the by-laws of the corporation, which purports to make a transfer upon the books essential to a valid assignment.

Upon the facts presented, Dr. Horsky was not the owner of the stock after he made the gift to his son. The transfer of the stock by the donor to the donee in December, 1921, the

bona fides of which is not questioned, coupled with the immediate delivery of the certificates by the donee to the president of the corporation with instructions to transfer the same upon the books and to issue a new certificate, was instantly effective as a transfer on the bank records. The conduct of donor and donee was that of careful, prudent business men. They did all that was required by either preliminary to such transfer. Nothing remained to be done except for some officer of the bank to make the necessary formal entries on its books (*Whitney* v. *Butler,* 118 U. S. 655, 7 Sup. Ct. 61, 30 L. Ed. 266), and the like clerical act of issuing the new certificate.

In *Whitney* v. *Butler,* supra, the court, speaking through Mr. Justice Harlan, said that within a reasonable construction of the statute, and for all the objects intended to be accomplished by the provision imposing liability upon shareholders for the debts of national banks, the responsibility of the shareholder must be held to have ceased upon the surrender of the stock certificate to the bank and the delivery to its president of a power of attorney sufficient to effect, and intended to effect, a transfer of the stock, on the books of the association, to the purchaser.

And in *Earle* v. *Carson,* 188 U. S. 42, 23 Sup. Ct. 254, 47 L. Ed. 373, the court held in effect that the presumption of liability for an assessment of shares of stock in an insolvent bank, arising from the presence of a person's name on the stock register, is rebutted by evidence that a bona fide sale of the stock has been made, and that the vendor has performed every duty which the law imposed in order to secure the transfer on the registry of the bank. (*State* v. *Ware,* 82 Okl. 130, 198 Pac. 859, 45 A. L. R. 127, with note containing many cases.)

The judgment is affirmed.

ASSOCIATE JUSTICES ANGSTMAN, MATTHEWS and ANDERSON concur.

MR. JUSTICE STEWART being disqualified, takes no part in the foregoing decision.